## H. Meyer Boot and Shoe Mfg. Company v. John Ward.

1. LIENS—*For Labor and Material.*—A person who furnishes labor and material in caring for and curing hides belonging to another person, at his request, has a lien upon the hides for the price of the labor and material furnished.

Replevin.—Appeal from the Circuit Court of Stephenson County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

JAMES H. STEARNS, attorney for appellant.

M. STOSKOPF, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action in replevin, brought by appellant to recover possession of a lot of cow hides, calves' skins and sheep pelts, held by appellee upon a claim that he was entitled to them by virtue of a lien for salting and curing them.

Appellant failed in its suit, and brings the case here by appeal, asking a reversal, because the judgment is against the law and the evidence, because the court permitted improper evidence to go to the jury, and improperly instructed the jury.

The hides were delivered at the tannery of appellee by butchers, under a contract between appellant and one Herman Hanson, who, at the time, had control of the tannery under a lease from appellee. Under this contract it was arranged that local butchers should bring the hides, skins and pelts to the tannery, where Hanson was to take them, cure them, and deliver the leather to appellant for forty cents per skin and sixty cents per hide.

A number of hides and skins were delivered to Hanson by butchers, and he undertook to cure them under this contract, and did deliver several batches of leather to appellant,

for which he was paid.   After receiving the hides, skins and pelts in controversy, Hanson was taken sick and abandoned the contract and the tannery.   Appellee took charge of the hides and skins, furnished a large quantity of salt, and devoted considerable labor to curing them.   He claims that his labor and the salt furnished for that purpose was at the instance of agents of appellant.   When the lot was demanded of him he refused to deliver them to appellant until he should first be paid for the salt and labor furnished.

It is not denied that appellee was instructed by appellant's agents to take care of the hides and cure them, but it is claimed by them, that at the time they did so they understood appellee was in the employ of Hanson.   Appellee was not in the employ of Hanson at the time, and supposed when he did the work and furnished the salt, he was doing so for appellant.   We think the circumstances were such as to justify appellee in the conclusion that he was employed by appellant, and that he had a lien for the labor and salt bestowed upon the hides.   We do not think, however, that he was entitled to any lien for storage.   After paying appellee the amount due him for labor and salt, appellant would be entitled to the possession of the property, and not until then.   Judgment affirmed.